```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

ACCESS FOR THE DISABLED,
INC. and  PATRICIA KENNEDY,

       Plaintiffs,
v.                                Case No.  8:11-cv-2158-T-33MAP

SPARTA NICHOLOUDIS
IRREVOCABLE TRUST 1/3 INT,
STELLA NICHOLOUDIS, and
PAULINE CAHALES,

       Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Defendant Sparta Nicholoudis Irrevocable Trust's Response to Order Requiring Status Report and Motion for Extension of Time to Complete Mediation (Doc. # 21), which was filed on May 8, 2012.  For the reasons that follow, the Court denies the motion.

**Discussion**

Plaintiffs initiated this action pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., on September 22, 2011. (Doc. # 1). On December 7, 2011, the Court entered its ADA Scheduling Order. (Doc. # 5). Therein, the Court ordered: "[w]ithin thirty (30) days following the submission of Defendants' written response [to Plaintiffs' expert report], the parties shall mediate this

dispute, before a mediator of their choice." (Doc. # 5 at ¶ 4).

On March 20, 2012, Defendants filed their first motion for an extension of time in which to complete mediation due to the parties' engagement in informal settlement negotiations. (Doc. # 16). Defendants requested the mediation deadline be extended until May 11, 2012, and Plaintiffs agreed to the relief sought in the motion. (Id.). On March 21, 2012, the Court entered an Order granting the motion for extension of time and setting May 11, 2012, as the deadline for mediation. (Doc. # 17).

On April 27, 2012, the Court entered an Order directing the parties to provide a status of the case by May 7, 2012, including any efforts to mediate or resolve the matter. (Doc. # 18). Defendant Sparta Nicholoudis Irrevocable Trust filed a response to the Order on May 7, 2012, stating that "the parties are still engaged in informal settlement discussions that they believe are likely to result in a resolution of the pending claim" and that "[a]lthough formal settlement documents have been drafted, there are a number of terms that still need to be negotiated." (Doc. ## 20, 21). Based on this, the Trust now seeks a additional two month extension of the mediation deadline until July 11, 2012. (Doc. # 21). Plaintiffs do not object to the motion, but believe that the

extended mediation deadline should be June 1, 2012, rather than July 11, 2012.

Although it is unopposed, the Court denies the request. The Court's ADA Scheduling Order states that the parties "for good cause shown, may move to alter this schedule should circumstances warrant." (Doc. # 5). The sole reason proffered for the requested extension is that, because the parties are still engaged in informal settlement negotiations, "mediation at this point [in] time may be premature or unnecessary and may result in the parties incurring unnecessary costs and attorneys' fees." (Doc. # 21). The Court finds this reason insufficient to establish good cause under the circumstances.

It is the goal of this Court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint. See Local Rule 3.05(c)(2)(E). Pursuant to the Court's ADA Scheduling Order, the parties must mediate the dispute before the stay on discovery can be lifted and before the case can be set for trial. (Doc. # 5). If the mediation deadline were further extended by two months as the Trust requests, nearly ten months will have passed prior to the parties even beginning to engage in the discovery process.

The Court "must take an active role in managing cases on

[its] docket." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997). This case has been on a pattern of delay since it was initiated, and, at some point, this Court must say "enough is enough." The Court reminds the parties that it takes deadlines seriously, and so should they. As stated in <u>Chudasama</u>, 123 F.3d at 1366, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to deny the motion, even though it is unopposed.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED**:

Defendant's Motion for Extension of Time to Complete Mediation (Doc. # 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record